IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, § § § Plaintiff, § § v. § § CBT NUGGETS, LLC, § § Defendant. § § § | § § § § § § § § § § § § § | Civil Action No. 2:16-CV-01262-RWS  PATENT CASE  JURY TRIAL DEMANDED |

## CBT NUGGETS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant CBT Nuggets, LLC ("CBT") files this Answer and Affirmative Defenses in response to Rothschild Broadcast Distribution Systems, LLC's ("Rothschild") Complaint ("the Complaint").

### PARTIES AND JURISDICTION

1. CBT admits that Rothschild purports to bring this civil action as one for alleged patent infringement under Title 35 of the United States Code and that Rothschild seeks damages and injunctive relief for the alleged infringement, but CBT denies any such infringement or that Rothschild is entitled to any of the relief it seeks. CBT denies any remaining allegations in paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, CBT admits that this action purports to be based on the patent laws of the United States, 35 U.S.C. § 1 et seq., and that this Court has subject

1

matter jurisdiction over actions arising under the patent laws of the United States pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3. CBT is without information sufficient to admit or deny the allegations in paragraph 3 of the Complaint and on that basis denies them.

4. CBT admits that it is a Delaware Limited Liability Company registered as a Foreign Limited Liability Company in the State of Oregon, with its principal place of business at 1550 Valley River Drive, Eugene, OR 97401. CBT denies any remaining allegations in paragraph 4 of the complaint.

5. Paragraph 5 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, CBT denies that it has committed, or continues to commit, acts of infringement in Texas. CBT denies that this Court has personal jurisdiction over CBT for purposes of this action.

6. CBT is without information sufficient to admit or deny the allegations in paragraph 6 of the Complaint and on that basis denies them.

## VENUE

7. CBT denies that venue is proper in the Eastern District of Texas, CBT denies that it has committed acts of infringement in the Eastern District of Texas, and CBT denies any remaining allegations in paragraph 7 of the Complaint.

## COUNT I
### (INFRINGEMENT OF UNITED STATES PATENT NO. 8,856,221)

8. CBT admits that Rothschild alleges to incorporate previous paragraphs by reference in paragraph 8 of the Complaint. CBT denies any remaining allegations in paragraph 8 of the complaint and repeats and incorporates its responses to the allegations in paragraphs 1-7 as set forth herein.

2

9. CBT admits that Rothschild purports to bring this action under the patent laws of the United States, including 35 U.S.C. § 271 et seq. CBT denies any remaining allegations in paragraph 9 of the Complaint.

10. CBT is without information sufficient to admit or deny the allegations in paragraph 10 of the Complaint and on that basis denies them.

11. CBT admits that Rothschild attached a purported copy of U.S. Patent No. 8,856,221 ("the '221 patent") to the Complaint as Exhibit A. CBT denies any remaining allegations in paragraph 11 of the Complaint.

12. CBT denies the allegations in paragraph 12 of the Complaint.

13. CBT denies the allegations in paragraph 13 of the Complaint.

14. CBT denies the allegations in paragraph 14 of the Complaint.

15. CBT denies the allegations in paragraph 15 of the Complaint.

16. CBT denies the allegations in paragraph 16 of the Complaint.

17. CBT denies the allegations in paragraph 17 of the Complaint.

18. CBT denies the allegations in paragraph 18 of the Complaint.

19. CBT denies the allegations in paragraph 19 of the Complaint.

20. CBT denies the allegations in paragraph 20 of the Complaint.

21. CBT denies the allegations in paragraph 21 of the Complaint.

22. CBT denies the allegations in paragraph 22 of the Complaint.

23. CBT denies the allegations in paragraph 23 of the Complaint.

24. CBT denies the allegations in paragraph 24 of the Complaint.

25. CBT denies the allegations in paragraph 25 of the Complaint.

26.   Paragraph 26 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, CBT is without information sufficient to admit or deny any allegations in paragraph 26 of the Complaint and on that basis denies them.

## JURY DEMAND

27.   CBT hereby demands a trial of this action by jury.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

28.   Venue is not proper in this District. CBT is not located in the State of Texas and it does not have any offices located in the State of Texas.

### SECOND AFFIRMATIVE DEFENSE

29.   The '221 Patent is invalid for failure to comply with or satisfy the requirements and/or conditions of patentability as specified under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. § 101, 102, 103, and/or 112, or that the '221 Patent is unenforceable. CBT reserves the right to assert any other basis for invalidity or unenforceability, or any other defense, that discovery may reveal.

### THIRD AFFIRMATIVE DEFENSE

30.   Plaintiff's claims for relief and prayer for damages are barred, in whole or in part, by 35 U.S.C. § 287.

### FOURTH AFFIRMATIVE DEFENSE

31.   Plaintiff is estopped from construing the claims of the '221 Patent in such a way as may cover any product or process of the Defendant by reasons of statements made to the United States Patent and Trademark Office ("PTO") during the prosecution of the application that led to the issuance of the Patent.

## FIFTH AFFIRMATIVE DEFENSE

32. The '221 Patent is invalid and/or unenforceable because it was procured through inequitable conduct before the PTO.

## SIXTH AFFIRMATIVE DEFENSE

33. Plaintiff's claims for relief and prayer for damages are barred in whole or in part by the equitable doctrines of laches, waiver and equitable estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

34. Plaintiff's claims for relief and prayer for damages are barred under the equitable doctrine of unclean hands.

## I. PRAYER FOR RELIEF

WHEREFORE, CBT Nuggets, LLC prays for judgment as follows:

A. Plaintiff take nothing as a result of its Complaint and that Plaintiff's claims be dismissed with prejudice;

B. Plaintiff be restrained from further prosecuting or instituting any action against CBT on the basis that any claim of the '221 Patent is valid, enforceable, and infringed, or from representing CBT's products or services, or that the use thereof, infringes any claim of any of the '221 Patent;

C. That this case be declared exceptional and Plaintiff be required to pay CBT's costs of suit, expenses, and attorneys' fees pursuant to 35 U.S.C. § 285 and all other applicable statutes, rules, and common law;

D. A declaration that CBT does not infringe any claim of the '221 Patent;

E. A declaration that the '221 Patent is invalid and/or unenforceable, and thus cannot be asserted against CBT.

Dated:   January 26, 2017                    Respectfully submitted,

_(signature)_
Christopher McKeon
Attorney-in-Charge
Texas Bar No.: 24068904
cmckeon@arnold-iplaw.com
Arnold, Knobloch & Saunders, L.L.P.
4900 Woodway, Suite 900
Houston, Texas 77056
Telephone: (713) 972-1150
Facsimile:   (713) 972-1180

**ATTORNEYS FOR DEFENDANT,
CBT NUGGETS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that the following counsel of record, who are deemed to have consented to electronic service are being served this 26th day of January 2017, with a copy of this document via the Court's CM/ECF system per Local Rule CD-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

*Christopher McKeon*

JAY JOHNSON
State Bar No. 24067322
D. BRADLEY KIZZIA
State Bar No. 11547550
KIZZIA JOHNSON, PLLC
1910 Pacific Ave., Suite 13000
Dallas, Texas 75201
(214) 451-0164
Fax: (214) 451-0165
jay@kpllc.com
bkizzia@kpllc.com

**ATTORNEYS FOR PLAINTIFF**